442 S.E.2d 440

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Franklin E. SHEPHERD, Defendant Below, Appellant.**

**No. 21774.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1994.

Decided March 28, 1994.

---

Robert W. Friend, Parkersburg, for appellant.

Robert L. Hogan, Asst. Pros. Atty. of Wood County, Parkersburg, for appellee.

PER CURIAM:

The appellant, Franklin E. Shepherd, was found guilty by a jury on March 27, 1992, in the Circuit Court of Wood County of malicious wounding. Mr. Shepherd is now before this Court upon the appeal of his conviction. For the reasons stated below, the judgment of the circuit court is reversed.

I

On October 5, 1990, between 6:00 p.m. and 8:00 p.m., Mr. Shepherd arrived at Caplinger's Lounge in Wood County, West Virginia, where he began to drink steadily throughout the evening. At about 1:30 a.m., waitress Joella Wigal noticed Mr. Shepherd's apparent drunkenness, as he had become loud and obnoxious. Consequently, she refused to serve him any more to drink. According to Ms. Wigal, Mr. Shepherd responded by throwing a beer can at her, just missing her, but hitting her brother, Sterling Wigal. At trial, Mr. Shepherd expressly denied throwing anything at either Ms. Wigal or her brother. Ms. Wigal then left Mr. Shepherd's table and returned to the bar area. Soon after, Mr. Shepherd approached the bar area where he encountered bouncers Joe Lockhart and Rodney Tingler. The three men became involved in a brief but heated argument, during which time, Mr. Shepherd either hit or shoved Mr. Lockhart. Mr. Lockhart and Mr. Tingler then asked Mr. Shepherd to leave the bar.

What subsequently occurred in the parking lot outside the bar was disputed at trial. The November 13, 1990 preliminary hearing testimony of Rodney Tingler supported the State's argument that Mr. Shepherd attacked

bar patron Robert Layner without provocation.[1] At trial, however, Mr. Shepherd contended that he acted in self defense.

Following a jury trial, Mr. Shepherd was convicted, on March 27, 1992, of malicious wounding. Mr. Shepherd's subsequent motion to set aside the verdict and award a new trial was denied by the trial judge.

## II

The primary issue in this appeal is the State's failure to make a good-faith effort to procure Rodney Tingler as a witness at trial and the trial court's subsequent admission of his preliminary hearing testimony.

■ Where the State seeks to admit extrajudicial testimony at trial, it must first demonstrate that the witness is unavailable to testify and prove that the out-of-court statements are reliable. Syl. pt. 2, *State v. James Edward S.*, 184 W.Va. 408, 400 S.E.2d 843 (1990). Furthermore, "[i]n order to satisfy its burden of showing that the witness is unavailable, the State must prove that it has made a good-faith effort to obtain the witness's attendance at trial. This showing necessarily requires substantial diligence." *Id.* at syl. pt. 3. *See also* syl. pt. 2, *State v. Phillips*, 187 W.Va. 205, 417 S.E.2d 124 (1992).

In *James Edward S.*, the defendant was accused of incest with one of his two daughters. The victim's sister, who was scheduled to testify against the defendant, ran away four days before trial. Because the State was unaware of her whereabouts, the trial court allowed a social worker to testify that the absent daughter told her that the defendant had sexually abused her sister. *Id.* at 846.

While the State had filed several juvenile petitions against the daughter for her truancy, the record failed to demonstrate what efforts the State actually made to locate her. In fact, her mother testified that only two days before trial, the daughter had called from Morgantown, wanting to return home. *Id.* at 848. In syllabus point 4 of *James Edward S.*, this Court established that "[w]here there is a lack of evidence in the record demonstrating the State's good-faith efforts to secure the witness for trial, the prosecution has failed to carry its burden of proving unavailability." On appeal of the defendant's conviction, this Court concluded that the State failed to make the required good-faith effort to locate the daughter and that, accordingly, the admission of her out-of-court statements was reversible error. *Id.*[2]

■ In the case now before us, Mr. Tingler's preliminary hearing testimony was admitted at trial pursuant to *W.Va.R.Evid.* 804(b)(1).[3] According to the trial testimony of Wood County Deputy Sheriff William Bruce Riffle, the State was aware that Mr. Tingler was in the Warren, Ohio area, where he stayed at the home of a distant relative several nights a month. Deputy Riffle further testified that he had the address and telephone number of the relative and had left several unanswered messages for Mr. Tingler there. However, there is no evidence that the State ever sought out the relative in an effort to gather information on Mr. Tingler's whereabouts. In fact, the record fails to describe what steps, if any, the State took in its effort to procure Mr. Tingler for the final trial.

---

1. Mr. Tingler's preliminary hearing testimony described how Mr. Shepherd allegedly chased him around the parking lot with a knife, an allegation Mr. Shepherd expressly denies. Obviously, that testimony would have been significant at the trial.

2. *See also State v. Phillips*, 187 W.Va. 205, 417 S.E.2d 124 (1992), in which this Court determined that the State failed to make a good-faith effort to obtain the declarant's attendance at trial when it knew the declarant may have been residing in a city in Pennsylvania but made no attempt to locate him there.

3. *W.Va.R.Evid.* 804(b)(1) provides:

(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

**14**

Furthermore, though the State unsuccessfully attempted to subpoena Mr. Tingler for the three previous trial dates,[4] each of which was continued, it, by its own admission, did not even request that a summons be issued for Mr. Tingler to appear on the final trial date.[5] According to the State's brief, it most recently attempted to procure Mr. Tingler for trial when a summons was issued for the December 2, 1991 trial. However, that summons was returned on November 29, 1991, indicating that Mr. Tingler had not been found. Mr. Shepherd's malicious wounding trial was ultimately continued until March 24, 1992, a date approximately four months after the latest summons was issued and returned. Despite this lengthy time span, the State failed to even request the issuance of a subpoena for the final trial. We believe that the State should have, at the very least, sought a subpoena for Mr. Tingler for the trial on March 24, 1992.

On this record, it was not shown that a diligent search was made to find Mr. Tingler and to procure his attendance at the March 24, 1992 trial.[6] Accordingly, the admission of Mr. Tingler's preliminary hearing testimony was reversible error.

Reversed and remanded.

---

4. According to the State's brief, Mr. Shepherd's trial, originally set for June 24, 1991, was continued three times. Subsequent trial dates were set for September 9, 1991, December 2, 1991 and the final trial date, March 24, 1992.

5. *W.Va.Code*, 62–6A–3 [1937] provides the statutory procedure by which out-of-state witnesses can be subpoenaed in their states for criminal trials in West Virginia.

6. In light of our resolution of this issue, it is not necessary to address Mr. Shepherd's contention that the State failed to try him under the three-term rule, in violation of *W.Va.Code*, 62–3–21 [1959].